IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Theresa L. Dune, | C/A No. 0:13-cv-01676-JFA |
| Plaintiff, | |
| vs. | **ORDER** |
| G4S Regulated Security Solutions Inc., and G4S Secure Solutions (USA) Inc. f/k/a The Wakenhut Corporation | |
| Defendants. | |

In this employment discrimination case, Theresa L. Dune ("Plaintiff") is suing her former employer G4S Regulated Security Solutions, Inc., and G4S Secure Solutions (USA) Inc. f/k/a The Wakenhut Corporation (collectively "Defendants"). In her Complaint, Plaintiff alleges the following causes of action against Defendants: (1) gender discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.[1]; (2) pregnancy discrimination in violation of the Pregnancy Discrimination Act; (3) violation of the Family and Medical Leave Act, 29 U.S.C. § 2601m, *et. seq*. ("FMLA"); and (4) breach of contract.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[2] Before the Magistrate Judge, Defendants moved for summary judgment. (ECF No. 27). Plaintiff filed a response in opposition to Defendants' motion. (ECF No. 39). Defendants replied. (ECF No. 40). On

---

[1] The Magistrate Judge noted that Plaintiff merged, in one cause of action, claims for hostile work environment, disparate treatment sex discrimination, and retaliation.

[2] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

December 15, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") wherein he recommends that this Court grant Defendants' Motion for Summary Judgment.  (ECF No. 43).  Plaintiff filed a statement of objection to the Report.  (ECF No. 46)  Thus, this matter is ripe for the Court's review.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates those without a full recitation.  The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

I. ANALYSIS/DISCUSSION

   a. Plaintiff's Objections

When it comes to proper objections to the Report, parties must file with the clerk of court specific, written objections, if they wish the United States District Judge to consider them.  Any written objections must specifically identify the portions of the Report to which objections are made and the basis for such objections.  FED. R. CIV. P. 72(b); *See Wright v. Collins,* 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 n.4 (4th Cir. 1984).  If a party fails to object properly because the objections lack the requisite specificity, the district court need not conduct a *de novo* review.  *See Brooks v. James*, No. 2:10–2010–MBS, 2011 WL 4543994, at *2 (D.S.C. Sept. 30, 2011); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008).  Further, a *de novo* review of the Report is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47

(4th Cir. 1982). In the absence of a proper objection, the district court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal citation omitted); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

Plaintiff filed a statement of objection to the Report; however, instead of taking issue with the Magistrate Judge's reasoning and findings, Plaintiff almost exclusively[3] recites verbatim her arguments from her earlier filed Response in Opposition to Defendants' Motion for Summary Judgment, ECF No. 39. As outlined above, in the absence of a proper objection, the Court need not conduct a *de novo* review and only check to make sure no clear error occurred. Plaintiff fails to identify the specific points of error in the Magistrate Judge's legal analysis; therefore, her objections are not sufficient to require a *de novo* review of the Report by this Court.

Accordingly, the Court finds that no clear error occurred in the Magistrate Judge's well-reasoned findings. In the absence of any specific objections to the Report from Plaintiff, this Court is not required to give further explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

   b. **FMLA Claim**

It appears that Plaintiff lodged a new argument in her Objection, an argument regarding her FMLA claim. Specifically, the Plaintiff, citing to the Code of Federal Regulations, states "[m]anipulation by an employer to avoid responsibilities under the FMLA would constitute interference with an employee's exercise of their FMLA rights." The Plaintiff continues,

---

[3] Embedded in her identical summary judgment arguments, it appears that Plaintiff provides additional FMLA law to imply a new argument. The Court will address this new argument in turn.

> an employee need not invoke the FMLA by name in order to put an employer on notice that the FMLA may have relevance to the employee's absence from work. It is the employer's duty to offer FMLA leave when they have been provided with enough information to put the employer on notice that the employee is in need of the leave.

However, Plaintiff fails to apply the facts of this case to the above-cited FMLA law. Therefore, out of an abundance of caution, the Court construes this reference to the FMLA as an implied argument.

The Court is not obligated to consider new arguments raised by a party for the first time in objections to the Magistrate's Report. *See, e.g., Doe v. Chao,* 306 F.3d 170, 183 (4th Cir. 2002) (holding that the district judge has "the sound discretion" to decide whether to allow additional evidence in this situation); *Hemingway v. Speights*, 3:08–CV–00849–GRA, 2009 WL 302319, at *2 (D.S.C. Feb. 6, 2009) (citing *Greenhow v. Secretary of Health and Human Servs.,* 863 F.2d 633, 638 (9th Cir. 1988)) ("The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."); *Jimenez v. Barnhart,* 46 Fed. Appx. 684, 685 (3d Cir. 2002) (citing *Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.,* 26 F.3d 375, 398 (3d Cir. 1994)) ("because Appellant raised the argument ... for the first time in her objections to the Magistrate Judge's Report and Recommendations, and not in her opening brief, we deem this argument waived."); *Santiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 4 (1st Cir. 1998) ("The district court is under no obligation to discover or articulate new legal theories for a party challenging a report and recommendation issued by a magistrate judge."); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir. 1987) ("Appellant was entitled to a *de novo* review by the district court of the [magistrate judge's] recommendations to which he objected, however he was not entitled to a *de novo* review of an argument never raised.").

This new FMLA theory is not properly before this Court, and the Court declines to consider the merits of this argument. As the Ninth Circuit explained in *Hemingway*, "[t]he Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."

## II.  CONCLUSION

Plaintiff has failed to persuade this Court that there is any reason to reject the Magistrate Judge's Report. Accordingly, this Court hereby adopts the Report and Recommendation of the Magistrate Judge and grants Defendants' Motion for Summary Judgment. (ECF No. 27).

IT IS SO ORDERED.

February 25, 2015                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

5